# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | |
|---|---|
| WILLIAM STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 09 C 7012 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| BELL ATLANTIC LONG TERM ) | |
| DISABILITY PLAN FOR ) | |
| MANAGEMENT EMPLOYEES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued Bell Atlantic Long Term Disability Plan for Management Employees ("Plan") under the Employee Retiree Income Security Act ("ERISA"), 29 U.S.C. § 1132, to recover long-term disability benefits he claims were wrongfully denied. The parties have filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(c). For the reasons set forth below, the Court denies both motions.

## Facts

On February 23, 2001, plaintiff left his employment with Verizon Services Corp., an affiliate of Bell Atlantic, during a reduction in force in exchange for a cash payment. (Def.'s LR 56.1 Stmt., Ex. 6, Separation Agreement and Release.)

In April 2004, plaintiff applied for and was granted Social Security Disability benefits with an effective disability date of February 23, 2001. (Pl.'s Resp. Def.'s LR 56.1 Stmt. ¶ 9.)

On March 19, 2006, plaintiff submitted a claim for long-term disability benefits under the Plan to its designated Claims Administrator, the Verizon Claims Review Unit ("VCRU"). (*Id.* ¶¶ 4, 9.) On October 10, 2006, the VCRU denied plaintiff's claim.

On March 29, 2007, plaintiff appealed the decision to the Plan's designated Appeals administrator, the Verizon Claims Review Committee ("VCRC"), which upheld the decision. (*Id.* ¶¶ 4, 13-16.) This suit followed.

**Discussion**

To prevail on a summary judgment motion, "the pleadings, the discovery and disclosure materials on file, and any affidavits [must] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

The Plan vests the VCRU and the VCRC with "discretionary and final authority to interpret [its] terms." (Def.'s LR 56.1 Stmt., Ex. 1, Plan § 7.3.) Their decisions, therefore, are subject to the arbitrary and capricious standard of review. *Black v. Long Term Disability Ins.*, 582 F.3d 738, 743 (7th Cir. 2009). Review under that standard is "extremely deferential," *Cozzie v. Metropolitan Life Insurance Co.*, 140 F .3d 1104, 1107 (7th Cir. 1998), and the Court must uphold the Plan's decision if:

> (1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, (2) the decision is based on a reasonable explanation of relevant plan documents, or (3) the administrator has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem.

*Houston v. Provident Life & Accident Ins. Co.*, 390 F.3d 990, 995 (7th Cir. 2005) (quotations omitted).

In relevant part, the Plan states that it applies to "an Employee who is receiving continuation pay under [a] severance plan . . . and is Disabled as of the date s/he terminates employment . . . if such

2

Disability continues throughout the Waiting Period." (Def.'s LR 56.1 Stmt., Ex. 1, Plan § 3.2.4.) Benefits are paid "upon the expiration of the . . . Waiting Period," which is defined as "[a] continuous period of twenty-six (26) weeks following the date an Employee is last Actively at Work . . . during which the Employee is eligible to receive . . . benefits under the [short-term disability plan]." (*Id.* §§ 2, 4.1.) The VCRU denied plaintiff's claim because he had not "exhaust[ed] the [short-term disability benefit] period . . . for a continuous 26 weeks following [his] last day Actively at Work." (Def.'s LR 56.1 Stmt., Ex. 2, Letter to Stewart from Hayden of 10/10/06.) The VCRC upheld that decision. (*Id.*, Ex. 5, Letter to Stewart from Chiffriller of 5/14/07 ("Since you are no longer an active employee, nor did you exhaust the 26-week waiting period under the [short-term disability policy], . . . [t]he Committee uph[olds] the denial of your request . . . .").)

Plaintiff contends that the Plan's decision is based on a skewed interpretation of the Waiting Period provision. In his view, the Plan equates "eligible to receive" short-term disability benefits with exhaustion of short-term disability benefits, an impermissible gloss on an unambiguous phrase.

The Court disagrees. The Plan did not find that plaintiff had not exhausted short-term disability benefits, *i.e.*, had applied for and received the maximum amount. Rather, it found that he had not "exhaust[ed] the [short-term disability] benefit period." (*Id.*; *id.*, Ex. 2, Letter to Stewart from Hayden of 10/10/06.) This finding can only mean that: (1) twenty-six weeks had not elapsed between plaintiff's last active day of work and his application for benefits; or (2) plaintiff was not continuously eligible for short-term disability benefits during the twenty-six week period. The first interpretation is negated by the record. (*See* Pl.'s Resp. Def.'s LR 56.1 Stmt. ¶ 9.) Thus, the Plan's finding must mean that plaintiff was not eligible for short-term benefits throughout the twenty-six week period.

The record does not, however, include any evidence that supports or refutes that finding. The Plan, which governs long-term disability, does not set forth the eligibility requirements for short-term

3

disability, and the short-term plan is not part of the record. (*See generally* Def.'s LR 56.1 Stmt., Exs. 1-6.) Given the utter lack of evidence on the issue, the Plan's determination that plaintiff was not continuously eligible for short-term benefits during the Waiting Period does not pass muster even under the arbitrary and capricious standard of review. *See Houston*, 390 F.3d at 995 (stating that a benefits decision must be reasonable, in light of the evidence, to survive deferential review).

## Conclusion

For the reasons set forth above, the Court denies defendant's motion for summary judgment [doc. no. 23] and plaintiff's cross-motion for summary judgment [doc. no. 30], remands the claim to defendant's claims administrator for a determination as to whether plaintiff was eligible for short-term disability benefits for a continuous period of twenty-six weeks following the last day he was actively at work and terminates this case.

**SO ORDERED.**                                    **ENTERED: November 9, 2010**

*Ronald A. Guzman*

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**